UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RANDY SKAINS, SR.,

    Plaintiff,

v.

YIP LEE, *et al.*,

    Defendants.
_____/

No. C-12-087 EMC (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

Randy Skains, Sr., an inmate at the Salinas Valley State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

Skains complains of the inadequacies of prison officials' responses to his numerous medical problems. Skains alleges the following in his complaint:

Skains has back pain, neck pain, pain in both wrists, "a relentless headache," "stage 3 prostate cancer, COPD? and some sort of lump in his breast," as well as "a bad right knee, right shoulder and right elbow." Docket # 1, p. 7 (question mark in source). He also has carpal tunnel syndrome and/or a trigger finger. *Id.* at 9.

He has suffered from severe back and neck pain for over 12 years. He has had five sets of x-rays, five MRIs, and two nerve study tests to determine the problem. He has received pain medications and muscle relaxers. He also received three physical therapy sessions in 2003. He remains in pain. *Id.*

1    Skains has had a headache since 2003.  "This particular condition has never been evaluated
2 for the cause."  *Id.* at 8.

3    For more than eight years – from 2000 through 2008 – Skains "fought with medical staff to
4 find out what was the issue" with his urinary problems.  *Id.*[1]  On May 1, 2008, he was examined by
5 urologist Dr. Milanesa, who told Skains he probably had cancer and that he needed a cystoscope and
6 then biopsies.  Dr. Milanesa was a consultant, and could only report to SVSP medical staff that these
7 procedures needed to be done.  The procedures were not scheduled, and were not performed until
8 September 2009 – the delay was reportedly due to the scheduling department.  *Id.*  Skains now has
9 stage 3 prostate cancer, and thinks "[t]he 6-2-2000 date was the probable beginning of stage 1."  *Id.*
10 at 9.

11    The carpal tunnel syndrome and/or trigger finger were discovered through nerve test studies
12 done on Skains on an unstated date.  *Id.* at 9.  A specialist saw Skains and said a simple procedure
13 could be done to take care of both problems.  The surgery initially was approved but was denied on
14 October 9, 2009 by Dr. Sepulveda.

15    The lump on Skains' breast was evaluated with an x-ray; the "results were abnormal due to
16 the plaintiff having COPD, whatever that is."  *Id.* at 9.  A CT scan was done but it was inconclusive.
17 A high resolution CT scan was ordered on June 24, 2011, which had not been done as of the filing of
18 the complaint.  "The indication from Danial was that it was probably cancer."  *Id.*

### III.  DISCUSSION

20    A federal court must engage in a preliminary screening of any case in which a prisoner seeks
21 redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.

---

[1] Although Skains hints that he received no care for more than eight years for this problem before he saw the urologist on May 1, 2008, his complaint elsewhere alleges that he had PSA tests in 2007 and earlier in 2008 before he saw the urologist.  *See id.* at 8.  He does not explain how he was referred to the urologist.

Skains was not convicted and sentenced until 2002, two years after he allegedly began complaining to the medical staff about his urinary problems.  *See Skains v. Lockyer*, E. D. Cal. No. CIV S-06-127 LKK CHS (petition for writ of habeas corpus challenging 2002 conviction from Butte County Superior Court).

1  § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims
2  which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek
3  monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se*
4  pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
5  (9th Cir. 1990).

6  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right
7  secured by the Constitution or laws of the United States was violated and (2) that the violation was
8  committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48
9  (1988).

10  Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and
11  unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104
12  (1976). A prison official violates the Eighth Amendment only when two requirements are met:
13  (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively,
14  deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834
15  (1994). Accordingly, evaluating a claim of deliberate indifference necessitates examining "the
16  seriousness of the prisoner's medical need and the nature of the defendant's response to that need."
17  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX*
18  *Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). "A 'serious' medical
19  need exists if the failure to treat a prisoner's condition could result in further significant injury or the
20  'unnecessary and wanton infliction of pain.'" *Id.* (quoting *Estelle*, 429 U.S. at 104). A prison
21  official exhibits deliberate indifference when he or she knows of and disregards a substantial risk of
22  serious harm to inmate health. *See Farmer*, 511 U.S. at 837.

23  There is no constitutional right to a prison administrative appeal or grievance system in
24  California. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d
25  639, 640 (9th Cir. 1988); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); Cal. Code Regs.
26  tit. 15, §§ 3084.1. Skains had no federal constitutional right to a properly functioning appeal system.
27  An incorrect decision on an administrative appeal or failure to handle it in a particular way therefore
28  did not amount to a violation of his right to due process. Although there is no due process violation,

the handling of Skains' grievances and appeals may be relevant to his medical claims, as they may be probative of deliberate indifference to his medical needs.  If a defendant only denied an inmate appeal about a medical problem that already had occurred and was complete (*e.g.*, a wrist injury that had already been treated and healed), there would be no liability for a constitutional violation; however, where the problem is an ongoing medical need and the request is made in an inmate appeal to remedy the ongoing problem, liability can be based on the denial of an inmate appeal, just as it could be based on the denial of a verbal request from the inmate. *See generally Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 206) (supervisor may be liable for deliberate indifference to a serious medical need, for instance, if he or she fails to respond to a prisoner's request for help).

Skains' complaint fails to state a claim upon which relief may be granted against the named defendants.  The problem stems largely from the way Skains has organized his complaint:  he has separated the description of his medical problems from the description of the Defendants' actions and inactions.  The complaint has many allegations about the allegedly inadequate responses to numerous inmate appeals.  The significance of each of those responses or delays in responses cannot be determined because Skains has not identified the medical issue that is the subject of the inmate appeal, has not adequately described the response to the appeal, has not identified the person who responded, and/or has failed to provide the date on which the response was made.  The result is that the Court cannot determine whether the complaint has adequately alleged deliberate indifference to a particular medical need by any particular Defendant.  The lack of detail prevents the Court from determining which claims deserve a response and from whom, and also prevents individual Defendants from framing a response to the complaint.  Skains must file an amended complaint to cure the deficiencies.

In his amended complaint, Skains should address each medical problem separately.  For example, if he wants to assert a claim about the inadequate response to his complaints of back pain, he could make "back pain" a section in his amended complaint.  Under the heading of "back pain," he could allege what each Defendant did or failed to do that amounted to deliberate indifference to his back pain.  And he should allege when each Defendant acted or failed to act, as his allegations indicate several very longstanding medical problems.  He must be careful to allege facts showing the

4

basis for liability for each Defendant. He should not refer to them as a group (*e.g.*, "the Defendants"); rather, he should identify each involved Defendant by name (or by a Doe Defendant designation) and link each of them to his claim by explaining what each involved Defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

## IV.    CONCLUSION

The complaint fails to state a claim upon which relief may be granted against any Defendant. Leave to amend will be granted so that Skains may attempt to state a claim. The amended complaint must be filed no later than **June 29, 2012**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Skains is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: May 18, 2012

_____
EDWARD M. CHEN
United States District Judge