UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY SKAINS, SR., | No. C-12-0087 EMC (pr) |
| Plaintiff, | |
| v. | **ORDER SETTING DEADLINE FOR SECOND AMENDED COMPLAINT AND DENYING REQUEST FOR COUNSEL** |
| YIP LEE; *et al.*, | |
| Defendants. | |

Plaintiff's motion to file a second amended complaint is **GRANTED**. (Docket # 8.) Plaintiff must file his second amended complaint no later than **November 2, 2012**. He is cautioned that his second amended complaint must be a complete statement of his claims and will supersede existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint").

Plaintiff has requested the Court to order (a) the prison medical department to issue to him a complete copy of his medical file, (b) the prison librarian to copy his exhibits, and (c) someone at the prison to issue a sufficient supply of paper for him to do his legal work. The requests are **DENIED**. (Docket # 7, # 8.) To grant the requests, the Court would have to interfere with the ordinary day-to-day operations of the prison, which generally federal courts are discouraged from doing. *See Turner v. Safley*, 482 U.S. 78, 84-85 (1987) ("Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those

branches, and separation of powers concerns counsel a policy of judicial restraint. Where a state penal system is involved, federal courts have . . . additional reason to accord deference to the appropriate prison authorities.") The mere existence of a pending civil rights action does not give the Court unfettered authority to order non-party prison officials to do things for the convenience of a prisoner-plaintiff. Further, none of Plaintiff's requests are essential to the prosecution of this action at this time. He does not need to present his medical records to the Court at the pleading stage. In fact, he does not need to attach any exhibits to his pleading; instead, he can simply allege what documents would show if they are relevant to a legal claim. He also does not need a large quantity of paper to file an amended complaint. The inmate appeal records he filed indicate that he is dissatisfied with the 60-80 pieces he receives per month and desires 198 pieces of paper per month. The 60-80 pieces of paper provided each month are more than adequate for purposes of pursuing the present action. Finally, if Plaintiff wants a copy of his medical file, he can attempt to obtain it by serving a discovery request on Defendants after one or more Defendants are served with process and have appeared in this action.

Plaintiff also has requested that counsel be appointed to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident at this time. The request for appointment of counsel is **DENIED**. (Docket # 6.)

IT IS SO ORDERED.

Dated: September 25, 2012

EDWARD M. CHEN
United States District Judge

2