UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RANDY SKAINS, SR.,

    Plaintiff,

    v.

YIP LEE, *et al.*,

    Defendants.

    /

No. C-12-0087 EMC (pr)

**ORDER OF SERVICE**

## I.    INTRODUCTION

Randy Skains, an inmate at Salinas Valley State Prison in Soledad, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The Court reviewed the complaint and dismissed it with leave to amend. Skains filed a second amended complaint, which is now before the Court for review under 28 U.S.C. § 1915A.

## II.    BACKGROUND

The second amended complaint concerns several medical problems that Mr. Skains has experienced since his arrival at Salinas Valley in early 2008. The second amended complaint alleges the following:

<u>Prostate Cancer</u>:    During a previous incarceration in 2000, Mr. Skains informed a non-defendant doctor that he had urinary and prostate issues. Later in 2000, Mr. Skains paroled from prison and shortly thereafter killed someone. He eventually returned to an unidentified prison. In June 2007, a prostate specific antigen ("PSA") test was done at a doctor's request, and Mr. Skains was determined to have an abnormally high PSA level. Mr. Skains had a follow-up appointment with another non-defendant doctor in September 2007, who ordered that an ultrasound test be done

and that a urologist appointment be made when the results returned. The ultrasound was not done and the urologist appointment was not made. Mr. Skains filed an inmate appeal about the matter, and was interviewed by another non-defendant doctor on January 3, 2008, who stated that the problem would be corrected. Mr. Skains was transferred to Salinas Valley five days later.

On January 10, 2008, Mr. Skains submitted a request for medical care at Salinas Valley for several problems, including his prostate problems. Docket # 11, p. 5. Dr. Mack interviewed him about all his issues on February 19, 2008. Dr. Mack wrote a referral for the urologist and ordered another PSA test. The test result came back on February 26, 2008, but Mr. Skains had no follow-up appointment with Dr. Mack.

On May 1, 2008, Mr. Skains saw the urologist, Dr. Dan Milanesa, who expressed the belief that Mr. Skains had cancer. He recommended a cystoscopy and biopsies. Dr. Mack saw Mr. Skains the next day and ordered a urine test, but did not order the procedures the urologist recommended.

Mr. Skains filed an inmate appeal. N.P. Debra Tyler responded by seeing him on January 29, 2009, doing a referral for a urologist, and requesting a PSA test, a GI and a colonoscopy. The PSA test was done but there was no follow-up to it.

Mr. Skains filed another appeal. Dr. John Doe responded on February 11, 2009, but nothing happened.

On April 2, 2009, Dr. Milanesa again saw Mr. Skains and again recommended the cystoscopy and biopsies. Nothing happened so Mr. Skains filed an inmate appeal. Dr. Abdou interviewed him on June 27, 2009 and wrote that he faxed to the scheduling department a referral to the urologist for a cystoscopy. Mr. Skains saw Dr. Danial on June 12, 2009, who ordered another PSA test and wrote a referral for the urologist in his notes, but did not fill out the right form. On August 13, 2009, Dr. Milanesa again recommended biopsies at his office.

Dr. Milanesa did the cystoscopy on September 11, 2009, and the biopsies on September 17, 2009 – more than 16 months after the first request. Docket # 11, p. 7.

Before he had the procedures, Mr. Skains filed inmate appeals about the prostate care issues, and received inadequate responses from Dr. Abdou and Dr. Bridgnell. *See id.* Dr. Wall partially

2

granted his inmate appeal after the fact on November 2, 2009, after he had the procedures. *See id.* at 8.

Mr. Skains started radiation therapy on June 15, 2010. The second amended complaint is rather unclear on this but indicates that the treatment was interrupted from July 2, 2010 until July 21, 2010, apparently due to an equipment malfunction that was resolved by July 5, 2010. Ms. Olsen provided inadequate responses to the requests to reschedule the treatments. Mr. Skains filed inmate appeals about the issue, and later received unsatisfactory responses thereto.

<u>Carpal Tunnel - Trigger Finger</u>: A nerve study done on December 11, 2008 showed abnormal results, and showed that Mr. Skains had carpal tunnel problems. *See* Docket # 11, pp. 13-14. Notwithstanding the test results, Dr. Sepulveda later responded to an inmate appeal by stating that there was no medical evidence to support the diagnosis of carpal tunnel syndrome and that surgical repair would not improve Mr. Skains' condition. Some doctors approved surgery, and then Dr. Sepulveda and Dr. Mack denied it improperly.

<u>Back and Neck Pain</u>: Mr. Skains has been on pain medications since he hurt his back in 1999. Docket # 11, p. 11. He also has had many diagnostic tests for his back and neck pain. *See id.* at 15. Over time, doctors have used stronger pain medications at increased dosages for his pain. On October 25, 2011, Dr. Gray decided to take Mr. Skains off the morphine that he was receiving, and wrote orders to taper the amount of morphine provided over time and eventually stop it. Various other doctors raised and lowered the dosage several times thereafter, as disagreement apparently exists as to the right amount of medication. Various prison doctors and staff have denied or mishandled his inmate appeals. *See id.* at 13-18. Mr. Skains contends that the drugs are not "treatment" for the underlying condition that causes his back and neck pain, and that he wants treatment (not just drugs) for the conditions causing his pain. *See id.* at 13 and 15.

### III. <u>DISCUSSION</u>

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Accordingly, evaluating a claim of deliberate indifference necessitates examining "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.* (quoting *Estelle*, 429 U.S. at 104). A prison official exhibits deliberate indifference when he or she knows of and disregards a substantial risk of serious harm to inmate health. *See Farmer*, 511 U.S. at 837.

Liberally construed, the second amended complaint states § 1983 claims against the following defendants for their for their allegedly inadequate response to his need for care for his prostate problems, his need to see a urologist, and his need to have a cystoscopy and biopsies: Dr. Richard Mack, Dr. S. Abdou, Dr. Magdy Danial, Dr. Bridgnell, Dr. John Doe,[1] and N.P. Debra

---

[1] Mr. Skains must take steps promptly to discover the first and last name of John Doe and provide that information to the court in an amendment to his pleading so that this defendant can be served with process. (The amendment can be a one-page document clearly labeled "Amendment to Name The Doe Defendant" and in which Mr. Skains provides that person's name and states simply that he substitutes in the real name for the John Doe defendant designation.) The burden remains on the plaintiff; the court will not undertake to investigate the names and identities of unnamed

1  Tyler. A claim is not stated against Dr. Wall, who is only alleged to have responded to an inmate
2  appeal after the procedures were done.[2] Liberally construed, the second amended complaint also
3  states a § 1983 claim against nurse Diane Olsen for her alleged delay in rescheduling Mr. Skains'
4  radiation treatments.

5  Liberally construed, the second amended complaint states § 1983 claims against Dr.
6  Sepulveda and Dr. Mack for their alleged denial of necessary carpal tunnel surgery for Mr. Skains.

7  The second amended complaint does not state a claim against any defendant for the
8  allegations pertaining to the response to Mr. Skains' back and neck pain. His second amended
9  complaint shows that he has had many diagnostic tests and doctors have prescribed pain medications
10 at various levels. *See, e.g.,* Docket # 11, p. 15. The second amended complaint shows that he
11 disagrees with the doctors as to whether their chosen course of addressing his condition with varying
12 levels of pain medication is the right course of action. "A difference of opinion between a prisoner-
13 patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."
14 *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). In order to prevail on a claim involving
15 choices between alternative courses of treatment, a plaintiff must show that the course of treatment
16 the doctors chose was medically unacceptable under the circumstances and that he or she chose this
17 course in conscious disregard of an excessive risk to plaintiff's health. *See Toguchi v. Chung*, 391
18 F.3d 1051, 1058 (9th Cir. 2004); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Mr. Skains
19 apparently would like some sort of treatment other than the pain medications he has been given, but
20 does not identify what the other treatment is, and does not allege that any medical care provider ever
21 ordered such treatment. The second amended complaint's allegations that show no more than a
22 difference of opinion about the appropriate response to his complaints of back and neck pain are

---

defendants. Mr. Skains must provide a full name and address for John Doe no later than **June 1, 2013**, or this defendant will be dismissed without prejudice.

[2] As explained in the Order of Dismissal With Leave To Amend, at pages 3-4, there is no due process claim stated for an incorrect decision on an administrative appeal or failure to handle an inmate appeal in a particular way. As also explained in that order, the handling of grievances and appeals might be probative of deliberate indifference to the inmate's medical needs for an ongoing medical need.

5

inadequate to state a claim upon which relief may be granted. He does not allege that doctors engaged in deliberate indifference to serious medical needs by failing to undertake warranted diagnostic steps.

Finally, the second amended complaint voluntarily dismissed defendants Yip Lee, Jana Walker, Lori Zamora, N. Warren, C. Kates, Erica De la Rosa, S. Kahn, and Richard Gray from this action. *See* Docket # 11, p. 3.

## IV. CONCLUSION

1. The second amended complaint states a cognizable § 1983 claims against the following defendants for deliberate indifference to plaintiff's medical needs: Dr. Richard Mack, Dr. S. Abdou, Dr. Magdy Danial, Dr. Bridgnell, Dr. John Doe, N.P. Debra Tyler, nurse Diane Olsen, and Dr. Michael Sepulveda. All other defendants and claims are dismissed.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the second amended complaint and a copy of all the documents in the case file upon the following defendants, all of whom apparently work on the medical staff at Salinas Valley State Prison:

- Dr. Richard Mack
- Dr. S. Abdou
- Dr. Magdy Danial
- Dr. Bridgnell
- N.P. Debra Tyler
- nurse Diane Olsen
- Dr. Michael Sepulveda

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **June 23, 2013**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. If defendants file a motion for summary judgment, defendants must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If defendants file a motion to dismiss for non-exhaustion of administrative remedies, defendants must provide to plaintiff a notice

regarding motions to dismiss for non-exhaustion procedures at the time they file such a motion. *See Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

        b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendant no later than **July 19, 2013**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

        c.      If defendants wish to file a reply brief, the reply brief must be filed and served no later than **August 2, 2013**.

    4.      Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment and motions to dismiss for non-exhaustion of administrative remedies:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).
>
> The defendants may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies or were

excused from doing so. The evidence may be in the form of declarations (that is, statements of fact signed under penalty of perjury) or authenticated documents (that is, documents accompanied by a declaration showing where they came from and why they are authentic), or discovery documents such as answers to interrogatories or depositions. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial. *See generally Stratton v. Buck*, 697 F.3d at 1008.

5. All communications by Plaintiff with the Court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

Dated: March 18, 2013

_____
EDWARD M. CHEN
United States District Judge

8