UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RANDY SKAINS,

        Plaintiff,

    v.

YIP LEE, *et al.*,

        Defendants.
_____/

No. C-12-0087 EMC (pr)

**ORDER DENYING MOTION FOR RECONSIDERATION**

Randy Skains, an inmate at Salinas Valley State Prison in Soledad, filed this *pro se* civil rights action under 42 U.S.C. § 1983 complaining about prison officials' response to his medical problems. The Court ordered service of process on seven defendants, and dismissed some defendants and some claims. Mr. Skains has moved for reconsideration of the dismissal of a claim pertaining to neck and back pain, and for reconsideration of the dismissal of defendants Ellis and Bright. In his motion, Mr. Skains has identified particular passages in the second amended complaint that he thought supported his claims.

The claim pertaining to Skains' neck and back pain properly was dismissed for the reasons stated at pages 5-6 of the Order Of Service.

Dr. Ellis and Dr. Bright properly were dismissed. Dr. Ellis allegedly was the chief medical officer and in charge of the prison's medical care; Dr. Bright allegedly was the chief physician and surgeon at the prison during at least part of the relevant time period. The mere fact that these doctors were in charge of the prison's medical care does not make them liable because there is no respondeat superior liability under § 1983, *i.e.* no liability under the theory that one is liable simply

because he employs a person who has violated plaintiff's rights. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011). The allegations of the second amended complaint show no such involvement or causal connection for either doctor. The allegations at pages 10, 13, 14, and 18 contend that Dr. Ellis decided inmate appeals slowly or improperly, but that does not give rise to liability for the reasons explained at pages 3-4 of the Order Of Dismissal With Leave To Amend and footnote 2 of the Order Of Service. The allegations on page 9 do not mention Dr. Bright and, in any event, concern the handling of inmate appeals. Dr. Ellis and Dr. Bright also allegedly were aware of Mr. Skains' neck and back pain (*see* Second Amended Complaint, p. 15), but that does not give rise to liability because, as explained at pages 5-6 of the Order Of Service, a claim was not stated with regard to the neck and back pain.

The motion for reconsideration is **DENIED**. (Docket # 19.)

IT IS SO ORDERED.

Dated: May 9, 2013

EDWARD M. CHEN
United States District Judge

2