UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY SKAINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL SEPULVEDA, et al.,<br><br>　　　　Defendants. | Case No. 12-cv-00087-WHO (PR)<br><br>**ORDER DENYING MOTION TO DISMISS;**<br><br>**ORDER DENYING MOTION TO HALT PROCEEDINGS;**<br><br>**ORDER SETTING BRIEFING SCHEDULE** |

　　Defendants' motion to dismiss on grounds that plaintiff Skains has failed to state a claim on which relief can be granted (Docket No. 41) is DENIED without prejudice. Liberally construed, Skains has stated claims for relief. Defendants may renew all arguments and defenses by way of a motion for summary judgment, which shall be filed on or before October 15, 2014. Forty-five days after defendants have filed such motion, Skains's opposition, if any, shall be filed. Defendants shall file a reply, if any, to the opposition 15 days after the opposition is filed. Because this new briefing schedule provides Skains with more time, his motion to temporarily halt proceedings (Docket No. 43) is DENIED as moot. The Clerk shall terminate Docket Nos. 41 and 43.

　　A recent decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions

at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939–41 (9th Cir. 2012). Defendants shall provide the following notice to plaintiff Skains when they file and serve any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998).

**IT IS SO ORDERED.**

**Dated:** July 11, 2014



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California